10-4741-ag
Bah v. Holder

BIA
Rohan, IJ
A073 679 905

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> PETER W. HALL,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

AHOUNO JULIEN BAH,
>     *Petitioner,*

> v.                                    10-4741-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:     Brian I. Kaplan, Goldberg & Kaplan, LLP, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ahouno Julien Bah, a native and citizen of the Ivory Coast, seeks review of an October 19, 2010, decision of the BIA affirming a December 15, 2008, decision of Immigration Judge ("IJ") Patricia A. Rohan, which denied his motion to reopen his removal proceedings. *In re Ahouno Julien Bah*, No. A073 679 905 (B.I.A. Oct. 19, 2010), *aff'g* No. A073 679 905 (Immig. Ct. N.Y. City Dec. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion. *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir. 2000). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). Bah's motion to reopen was filed more than twelve years after his final order of removal was rendered. Accordingly, the BIA did not abuse its discretion in denying Bah's motion to reopen as untimely. *See id*.

Bah contends, however, that the time to file his motion to reopen should have been equitably tolled due to his prior counsel's ineffective assistance. Ineffective assistance of counsel may toll the time limitation on a motion to reopen if the movant has exercised "due diligence" in pursuing his claim. *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). Due diligence must be established both before and after discovery of the alleged ineffective assistance. *See id.* at 132; *Iavorski*, 232 F.3d at 134.

Bah argues that he exercised due diligence because he remained in contact with his prior counsel until 2005, was not advised that he could move to reopen proceedings based on changed country conditions in the Ivory Coast, and therefore had no opportunity to discover his prior counsel's ineffective assistance. However, as Bah concedes, he did not file his motion to reopen until December 2008, even though he had been unable to contact his prior counsel since 2005 and knew of counsel's ineffective assistance since at least 2007. Under these circumstances, the BIA did not abuse its discretion in denying Bah's motion to reopen due to his failure to exercise due diligence. *See Rashid*, 533 F.3d at 130; *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

4